UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BRIAN WALONOSKI,
    Plaintiff,

v.                                                Case No. 3:07-CV-00198 (PCD)

GOODRICH PUMP & ENGINE
CONTROL SYSTEMS, INC.,
    Defendant.

**RULING ON DEFENDANT'S PARTIAL MOTION TO DISMISS**

Defendant Goodrich Pump & Engine Control Systems, Inc. ("Goodrich") moved pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, to dismiss four counts of Plaintiff Brian Walonoski's Amended Complaint. Plaintiff has not filed a response to Defendant's motion, though he moved to file a Second Amended Complaint, which was filed on July 31, 2007. For the reasons that follow, Defendant's Motion to Dismiss [Doc. No. 20] is **granted.**

**I.    Background**

Taking the allegations in the Complaint as true for purposes of the Motion to Dismiss, the facts are as follows. Plaintiff Walonoski became employed by Goodrich as an engineer in 2001 following Goodrich's assumption of control of Chandler Evans, Plaintiff's former employer. (Am. Compl. ¶ 8.) Later that year, Walonoski was demoted to a draftsman and performed the duties of a draftsman, though he continued to be evaluated as if he were a design engineer rather than a draftsman. (Id. ¶¶ 17-19, 29.) In 2005, Goodrich placed Mr. Walonoski on a Performance Improvement Plan ("PIP") and ultimately terminated him on August 8, 2005. Plaintiff alleges that he was not given an adequate opportunity to improve his performance. (Id. ¶¶ 15, 26, 29.)

Plaintiff was diagnosed with cystic fibrosis at birth. (Am. Compl. ¶ 9.) During Plaintiff's employment with Goodrich and its immediate predecessors, Plaintiff was hospitalized three

separate times for periods of approximately ten days each as a result of his condition. (Id. ¶ 13.) Goodrich was therefore aware of Walonoski's condition. (Id. ¶ 14.) Plaintiff was enrolled in a disability insurance program which he paid for through payroll deductions. (Id. ¶ 21.) In August 2005, before Plaintiff was terminated, he applied for short-term disability benefits, but Goodrich denied his application. (Id. ¶¶ 20, 23.) Plaintiff also applied for leave pursuant to the Family Medical Leave Act, and GE also denied that request. (Id. ¶¶ 24-25.) Plaintiff further alleges that Goodrich denied him the opportunity to apply for long-term disability. (Id. ¶ 32.)

Plaintiff Walonoski filed a seven-count Complaint on February 8, 2007, alleging that Defendant Goodrich unlawfully denied him medical leave, short-term disability ("STD") benefits, and long-term disability ("LTD") benefits, and terminated his employment in violation of law. After Defendant filed a Partial Motion to Dismiss the Complaint, Plaintiff amended his Complaint on June 12, 2007, to correct an apparent typographical error found in Count 1. On June 19, 2007, Defendant filed a Second Motion to Dismiss the Amended Complaint, seeking to dismiss Counts III and VII for failure to state a claim upon which relief can be granted, and to dismiss Counts V and VI on the basis that they are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 28 U.S.C. §§ 1001 et seq. Plaintiff has failed to file an opposition to this motion. Instead, Plaintiff filed a motion to amend his complaint for the second time, adding an eighth count alleging a breach of duty.

**II.  Standard of Review**

A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it. See Fed. R. Civ. P. 12(b)(1). Plaintiff, as the party asserting subject matter jurisdiction, has the burden of

establishing by a preponderance of the evidence that it exists, Malik v. Meissner, 82 F.3d 560, 562 (2d Cir. 1996), and the court should not draw argumentative inferences in its favor. Atl. Mut. Ins. Co. v. Balfour MacLaine Int'l, 968 F.2d 196, 198 (2d Cir. 1992); see also Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 507 (2d Cir. 1994) (the Court will "construe jurisdictional allegations liberally and take as true uncontroverted factual allegations" but "will not draw 'argumentative inferences' in the plaintiff's favor."). Unlike with a Rule 12(b)(6) motion, a court resolving a Rule 12(b)(1) motion for lack of subject matter jurisdiction may refer to evidence outside the pleadings. Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000) (citing Kamen v. American Tel. & Tel. Co., 791 F.2d 1006, 1011 (2d Cir. 1986)); see also Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi, 215 F.3d 247, 253 (2d Cir. 2000) (in resolving a Rule 12(b)(1) motion, district courts may "resolve the disputed jurisdictional fact issues by referring to evidence outside of the pleadings, such as affidavits, and if necessary, hold an evidentiary hearing"). A court must "look to the substance of the allegations to determine jurisdiction." Cargill Int'l S.A. v. M/T Pavel Dybenko, 991 F.2d 1012, 1019 (2d Cir. 1993).

      The function of a motion to dismiss pursuant to Rule 12(b)(6) "is merely to assess the legal feasibility of the complaint, not to assay the weight of evidence that might be offered in support thereof." Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities Inc., 748 F.2d 774, 779 (2d Cir. 1984) (citation omitted). Therefore, when considering such a motion, the court must accept the facts alleged in the complaint as true, draw inferences therefrom in the light most favorable to the plaintiff, and construe the complaint liberally. Gregory v. Daly, 243 F.3d 687, 691 (2d Cir. 2001). The district court may dismiss a claim under Federal Rule of Civil Procedure 12(b)(6) only if the plaintiff's factual allegations are not sufficient "to state a claim to relief that

is plausible on its face." Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955, 1960, 167 L. Ed. 2d 929 (2007). Although detailed factual allegations are not required, a plaintiff must provide the grounds of her entitlement to relief beyond mere "labels and conclusions"; "a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65; see also Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007) (declining to read Twombly's 'flexible plausibility standard' as relating only to antitrust cases). In ruling on a motion under Rule 12(b)(6), the Court may consider only the allegations made in the complaint, documents attached to the complaint, documents incorporated into the complaint by reference, and any facts of which judicial notice may be taken. See Newman & Schwartz v. Asplundh Tree Expert Co., 102 F.3d 660, 662 (2d Cir. 1996); Brass v. Amer. Film Techn., Inc., 987 F.2d 142, 150 (2d Cir. 1993).

Where, as here, a party moves to dismiss pursuant to Rule 12(b)(1) in addition to other bases, "the court should consider the Rule (12)(b)(1) challenge first since if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined." Rhulen Agency, Inc. V. Alabama Ins. Guaranty Ass'n, 896 F.2d 674, 678 (2d Cir. 1990).

Under Rule 7(a) of the Local Rules of Civil Procedure for the District of Connecticut, a party shall file a memorandum in opposition to a motion to dismiss within twenty-one days unless otherwise ordered by the court. "Failure to submit a memorandum in opposition to a motion may be deemed sufficient cause to grant the motion, except where the pleadings provide sufficient grounds to deny the motion." L. R. Civ. P. 7(a). Although the Court is inclined to grant the Defendant's motion "absent objection," the Court will address the merits of the motion to dismiss. Cholewinski v. Armstrong, No. 3:98CV1964 (SRU), 2000 WL 303252, at *2 n.2 (D.

Conn. Feb. 16, 2000). See also, e.g., Subsolutions, Inc. v. Doctor's Assocs., Inc., 62 F. Supp. 2d 616, 618 n. 1 (D. Conn. 1999); Sitka v. United States, 903 F. Supp. 282, 284 (D. Conn. 1995).

### III. Discussion

#### A. Counts V and VI: Preemption

Goodrich's short-term disability and long-term disability plans are covered by ERISA, 29 U.S.C. §§ 1001 et seq. ERISA defines an employee welfare benefit plan as "any plan ... established or maintained by an employer ... for the purpose of providing ... participants or their beneficiaries, through the purchase of insurance or otherwise, ... benefits in the event of disability." 29 U.S.C. § 1002(1)(A). Both of Goodrich's plans have written plan documents which expressly state that they are governed by ERISA, and they provide a detailed claims procedure, with appeal rights for denial of benefits. (Def.'s Mot. to Dismiss, Ex. A at 9-10, Ex. B at 15-16.) Plaintiff also effectively admits that the plans are ERISA plans in Count II of the Amended Complaint, in which he alleges an ERISA violation. Defendant Goodrich moves to dismiss the state law claims for denial of Plaintiff's disability benefits and breach of the "disability contract" asserted in Counts V and VI on the basis that they are preempted by ERISA.

Section 1144(a) of ERISA explicitly states that ERISA supersedes "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). Congress intended ERISA's preemption provision to be expansive in order to ensure that plans and plan sponsors are subject to a uniform body of benefits law. Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 139 (1990). A law "relates to" an employee benefit plan "if it has a connection with or reference to such a plan." Id. (quoting Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 96-97 (1983)). See also Geller v. County Line Auto Sales, Inc., 86 F.3d 18, 22 (2d Cir.

1996) (ERISA's preemption provisions are "deliberately expansive" and "among the broadest ... found in the law."). ERISA also preempts a state law cause of action when it is nothing more than an alternative theory of recovery for conduct actionable under ERISA. Lopresti v. Terwilliger, 126 F.3d 34, 41 (2d Cir. 1997); Pancotti v. Boehringer Ingelheim Pharmaceuticals, Inc., No. 3:06cv1674 (PCD), 2007 WL 2071624, *7 (D. Conn. July 17, 2007). As a result, courts have found that many common law claims are preempted by ERISA. See, e.g., Smith v. Dunham-Bush, Inc., 959 F.2d 6, 10-11 (2d Cir. 1992) (the court had "no difficulty" finding that plaintiff's breach of contract and negligent misrepresentation claims "relate to a plan" within the meaning of § 1144(a) and are therefore preempted); Levine v. Hartford Life Ins. Co., No. Civ.A. 302CV81CFD, 2002 WL 1608330, at *2-3 (D. Conn. June 28, 2002).

There is no question that the state common law claims asserted in Counts V and VI directly relate to Goodrich's short-term disability and long-term disability plans, which are explicitly referenced in the Amended Complaint and are covered by ERISA. See Callahan v. Unisource Worldwide, Inc., No. CIVA3:01CV1205 (CFD), 2003 WL 1714369, at *7 (D. Conn. March 27, 2003). In alleging a denial of Walonoski's benefits under the short-term and long-term disability plans, Counts V and VI are clearly predicated upon Goodrich's ERISA plans and are therefore preempted by ERISA. Accordingly, Counts V and VI are hereby dismissed.

  B.  **Count VII: Failure to State a Claim**

Goodrich moves to dismiss Count VII, which alleges a breach of the covenant of good faith and fair dealing, because it has failed to state a claim upon which relief can be granted. Goodrich contends that Plaintiff has failed to identify any public policy recognized by Connecticut courts that would have limited Defendant's ability to terminate his at-will

employment.

Under Connecticut law, "[e]very contract carries an implied covenant of good faith and fair dealing requiring that neither party do anything that will injure the right of the other to receive the benefits of the agreement." Gupta v. New Britain Gen. Hosp., 239 Conn. 574, 598 (1996) (internal quotation marks omitted). "The covenant of good faith and fair dealing presupposes that the terms and purpose of the contract are agreed upon by the parties and that what is in dispute is a party's discretionary application or interpretation of a contract term." De La Concha of Hartford, Inc. v. Aetna Life Ins. Co., 269 Conn. 424, 433 (2005) (internal quotation marks omitted). "To constitute a breach of [the implied covenant of good faith and fair dealing], the acts by which a defendant allegedly impedes the plaintiff's right to receive benefits that he or she reasonably expected to receive under the contract must have been taken in bad faith." Id. (internal quotation marks omitted).

In the at-will employment context, a claim for breach of the covenant of good faith and fair dealing must fail absent a public policy exception. "In Connecticut, an employer and employee have an at-will employment relationship in the absence of a contract to the contrary." Thibodeau v. Design Group One Architects, LLC, 260 Conn. 691, 697 (2002) (internal quotation marks omitted). Plaintiff Wolonoski's amended complaint does not allege that there was an employment contract with Goodrich for a specified term. Under Connecticut law, the Court must therefore "infer from the complaint that the plaintiff-employee and the defendant-employer had an employment at will relationship, that is, the plaintiff was hired for an indefinite period and his employment was terminable at the will of the defendant." Morris v. Hartford Courant Co., 200 Conn. 676, 677 (1986). See also Zinck v. Cartus Corp., No. 3:07CV00203(DJS), 2007 WL

2384382, *4 (D. Conn. Aug. 20, 2007). "Employment at will grants both parties the right to terminate the relationship for any reason, or no reason, at any time without fear of legal liability." Thibodeau, 260 Conn. at 697-98. See also Cweklinsky v. Mobil Chem. Co., 267 Conn. 210, 225 (2004). A public policy limitation to the traditional employment at-will doctrine does apply in certain circumstances, see id. at 698 (citing Sheets v. Teddy's Frosted Foods, Inc., 179 Conn. 471 (1980)), but only where a sufficient statutorily based expression of public policy exists. Id. at 701. See, e.g., Faulkner v. United Techs. Corp., 240 Conn. 576, 578-79 (1997) (wrongful discharge claim where plaintiff alleged his termination was contrary to the policy expressed in the Major Frauds Act, 18 U.S.C. § 1301); Parsons v. United Techs. Corp., 243 Conn. 66, 79-80 (1997) (wrongful discharge claim where plaintiff alleged violation of public policy supported in several state statutes requiring employers to maintain a reasonably safe workplace). Plaintiff Walonoski has not alleged in his Amended Complaints, nor raised in opposition to Defendant's motion, any violation of any explicit statutory or constitutional provision. See Iosa v. Gentiva Health Servs., Inc., 299 F. Supp. 2d 29, 36 (D. Conn. 2004). Absent an exception to the "at-will employment" doctrine, Goodrich could have terminated Walonoski's employment under the original employment contract without incurring liability for breaching the implied covenant of good faith and fair dealing. Accordingly, Plaintiff has failed to state a wrongful discharge claim, and Count VII must be dismissed pursuant to Rule 12(b)(6).

### C. Count III: Failure to State a Claim

Finally, Goodrich moves to dismiss Count III on the basis that it fails to state any claim whatsoever. Count III of the amended complaints simply states that the preceding paragraphs are incorporated herein. (See Am. Compl., Third Count.) This single sentence does not allege any

material fact that gives Defendant notice of the claim against it, thereby failing to satisfy the liberal pleading requirements of Rule 8(a). Accordingly, Count III is hereby dismissed.

**IV.     Conclusion**

For the reasons stated above, Defendant Goodrich's Motion to Dismiss [Doc. No. 20] is **granted.** Counts III, V, VI, and VII of the Second Amended Complaint are hereby dismissed with prejudice.

SO ORDERED.

Dated at New Haven, Connecticut, this  29th  day of October, 2007.

/s/
Peter C. Dorsey, U.S. District Judge
United States District Court